# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**JOHNSON MILLING COMPANY, LLC**                                                **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO.** 3:23-cv-87-DPJ-FKB

**THE KANSAS CITY SOUTHERN RAILWAY
COMPANY, AND DOE DEFENDANTS 1-10**                                    **DEFENDANTS**

## NOTICE OF REMOVAL

TO:   Thomas J. Bellinder, Esq. (MS Bar No. 103115)
      **BELLINDER LAW FIRM**
      200 East Government Street
      Brandon, Mississippi 39042
      (P): 601.487.9340
      (F): 601.265.1797
      thomas@bellinderlawfirm.com

The Kansas City Southern Railway Company ("KCSR"), by and through counsel, hereby removes this action to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. Sections 104, 1332, 1441 and 1446, and shows the following:

### A.   Introduction

1.   On October 11, 2022, Johnson Milling Company, LLC (the "Plaintiff") filed suit in the Circuit Court for the Second Judicial District of Hinds County, Mississippi (Civil Action No. 22-27) against KCSR seeking "significant" monetary damages, injunctive relief, attorneys' fees, enhanced damages, treble damages, punitive damages, costs, expenses, and pre-judgment and post-judgment interest for alleged property damage that it claims was caused by KCSR "dumping . . . toxic chemicals onto the Plaintiff's property." *See* Complaint at ¶¶ 17, 19, 28-29, 41, 43-44, 47, 49 (Ex. "A"). The Plaintiff, a limited liability company, provided KCSR with the identity and home addresses of its members on January 19, 2023. This Interrogatory response established that the parties are completely

diverse and constitutes "other paper" under 28 U.S.C. Section 1446(b)(3), making this case removable within 30 days of KCSR's receipt of same. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citizenship of a limited liability company is determined by the citizenship of its member(s)); *Elite Spec. Welding, LLC v. Packaging Corp. of Am., Inc.*, 2019 WL 2376149, at *4 (W.D. La. April 15, 2019) (information about an LLC's members is "other paper" under Section 1446(b)(3)); *Maheshwari v. Univ. of Texas-Pan Am.*, 460 F. Supp. 2d 808, 812 (S.D. Tex. 2006) (interrogatory responses showing a case is removable is "other paper" under 28 U.S.C. Section 1446(b)(3)). As demonstrated below, this Court has diversity jurisdiction under 28 U.S.C. Section 1332, and this case is removable under 28 U.S.C. Section 1441.

### B.   Facts

2. The basis for Plaintiff's suit is its allegations that KCSR caused or allowed "oil and toxic chemicals" to dump from its machinery onto the ground on or near Plaintiff's property. *See* Compl. at ¶ 10 (Ex. "A"). As background, KCSR owns and operates a sidetrack that splits off its mainline track in Clinton, Mississippi. The sidetrack runs adjacent to a warehouse that Plaintiff leases. From time to time, KCSR parks (and sometimes performs minor maintenance on) on-track equipment on the sidetrack.

3. Plaintiff alleges that KCSR has dumped oil and toxic chemicals out of its machinery and directly onto the ground. *See* Compl. at ¶10 (Ex. "A"). Plaintiff alleges that the warehouse it operates, that is located adjacent to the sidetracks, has a basement that fills with water which must be pumped out periodically. *See* Plaintiff's Int. Resp. Nos. 11, 14 (Ex. "B"). According to Plaintiff, the oil from KCSR's equipment mixes with the water draining into its basement, preventing Plaintiff from pumping the water out of its basement. *See* Int. Resp. Nos. 11, 14 (Ex. "B"). This, says Plaintiff, has caused the support pilons in the basement of the warehouse to sink, damaging the foundation of the warehouse. *See* Int. Resp. Nos. 11, 14 (Ex. "B").

4.     Plaintiff's legal theories against KCSR include: (1) common law negligence; (2) gross negligence; (3) trespass to chattel; (4) private nuisance; and (5) intentional interference with Plaintiff's use and enjoyment of property. *See* Compl. (Ex. "A"). Plaintiff alleges its total damages are "significant and continuing in nature." *See* Compl. at ¶ 44 (Ex. "A"). Plaintiff seeks injunctive relief, economic damages, non-economic damages, punitive damages, and other types of damages discussed further below.

### C.     Diversity of Citizenship Jurisdiction

5.     KCSR removes this action pursuant to this Court's diversity of citizenship jurisdiction under 28 U.S.C. Section 1332. The Plaintiff is completely diverse from KCSR, and the amount in controversy exceeds $75,000.00.

6.     Through responses to written discovery it received on January 19, 2023, KCSR learned that the Plaintiff and KCSR are completely diverse. The Plaintiff is a limited liability company with two members, listed below, both of whom are citizens of Mississippi:

- Preston T. Hataway, 3030 Dupree Road, Raymond, Mississippi 39154
- Tori Hataway, 3030 Dupree Road, Raymond, Mississippi 39154

*See* Plaintiff's Supp. Int. Resp. No. 19 (Ex. "C"). As limited liability companies take the citizenship of their members, Plaintiff is a citizen of Mississippi for the purpose of diversity jurisdiction. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citizenship of a limited liability company is determined by the citizenship of its member(s)).

7.     KCSR is a corporation incorporated in Missouri, and its principal place of business is Kansas City, Missouri. *See* Miss. Sec. of State Bus. Info. For KCSR (Ex. "D"); Compl. at ¶ 2 (Ex. "A"). Therefore, KCSR is a corporate citizen of Missouri for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a corporate citizen of its state of incorporation and the state where it has its principal place of business).

8.     The amount in controversy exceeds $75,000.00. When, as here, the plaintiff does not demand a specific sum or otherwise set forth the specific amount in controversy in the complaint, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In meeting this burden, the removing party can show the court that it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional minimum and/or may set forth additional facts in the removal petition or in exhibits thereto supporting federal jurisdiction. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995). As shown below, it is facially apparent that the jurisdictional amount in controversy is met here because the Plaintiff seeks injunctive relief, "significant" monetary damages, and punitive damages. Moreover, KCSR has also provided additional facts that further make clear that the amount in controversy exceeds the jurisdictional minimum.

9.     First, the amount in controversy is met because the object of Plaintiff's injunctive relief, *i.e.*, the warehouse and the land on which it sits, has an appraised value in excess of $75,000. Plaintiff alleges that KCSR "intentionally took and interfered with the Plaintiff's property" and seeks injunctive relief. *See* Compl. at ¶¶ 19, 26-31 (Ex. "A"). The property at issue is on the Hinds County tax roll (assessed to Hataway Property Investments, LLC[1]) with an appraised value of $177,440 ($78,410 for the land and $99,030 for the warehouse). *See* Hinds County Land Roll Detail (Ex. "E"); *Nationstar Mortg. LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("When the . . . right to property is called into question in its entirety, the value of the property controls the amount in controversy."), *quoting Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961); *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (request for injunction adds to the total amount in controversy the value of the object of the litigation). As shown, the value of the property at issue, which the Plaintiff alleges

---

[1] The property is owned by Hataway Property Investments, LLC. *See* Supp. Int. Resp. No. 18 (Ex. "C"). Plaintiff claims it has a leasehold interest in the property. *See* Supp. Int. Resp. No. 18 (Ex. "C").

KCSR "took" and "interfered with," in and of itself exceeds the amount in controversy threshold. But, there is more.

10. The Plaintiff also seeks economic and non-economic damages, the total amount of which it alleges are "significant and continuing in nature." *See* Compl. at ¶ 44 (Ex. "A"). The Plaintiff seeks the following categories of damages:

- Actual monetary loss;
- Inconvenience;
- Loss of enjoyment of property;
- Loss of credit worthiness;
- Special damages;
- Out-of-pocket expenses (*e.g.*, travel expenses, attorneys' fees, court costs, time away from work);
- General, special, incidental, and consequential damages; and
- Pre-Judgement and post-judgment interest.

*See* Compl. (Ex. "A"). Plaintiff further asserts that it is entitled to exemplary, enhanced, and trebled damages. *See* Compl. at ¶ 44 (Ex. "A").

11. Finally, Plaintiff alleges KCSR's conduct was "willful, wanton, egregious and [in] reckless disregard for the rights and safety of the Plaintiff" and demands an unspecified amount of punitive damages. *See* Compl. at ¶47 (Ex. "A"). The fact that Plaintiff seeks an unspecified amount of punitive damages is alone sufficient to establish the amount in controversy. *See* Compl. ¶ 17 (Ex. "A"); *Anderson v. Wells Fargo Bank, NA*, No. 2:15-cv-88-KS-MTP, 2015 WL 4775356, at *2 (S.D. Miss. Aug. 13, 2015) ("Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum"), *quoting Sun Life Assur. Co. v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007); *Walker v. Scales*, No. 1:13-cv-227-SA-DAS, 2014 WL 670216, at *3 (N.D. Miss. Feb. 20, 2014) (same), *quoting Brasell v. Unumprovident Corp.*, No. 2:01-cv-202, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001); *Taylor v. Ocwen Loan Servicing, LLC*, No. 2:12-cv-107-SA-JMV, 2014 WL 280399, at *2 (N.D. Miss. Jan. 24, 2014) (same). Even in district

5

court cases where the court examined the amount of compensatory damage at issue in addition to the demand for unspecified punitive damages, the courts have accepted jurisdiction in cases where the compensatory damages at issue was as little as $13,000. *See Gentiva Certified Healthcare Corp. v. Rayborn*, 5:14-cv-97-DCB-MTP, 2016 WL 164322, at *3 (S.D. Miss. Jan. 13, 2016) (holding demand for compensatory damages of $13,000 plus punitive damages (less than 6:1 ratio) met amount in controversy); *see also White v. Allstate Ins. Co.*, No. 1:17-cv-350-HSO-JCG, 2018 WL 2244721, at *4 (S.D. Miss. May 16, 2018) (holding demand for compensatory damages of $25,000 plus unspecified punitive damages met the amount in controversy). Here, as discussed above, it is readily apparent from the face of the complaint that Plaintiff is seeking compensatory damage in excess $13,000. Therefore, factoring in Plaintiff's demand for punitive damages, the amount in controversy is easily met here.

12. As discussed above, because the Plaintiff seeks injunctive relief, "significant" monetary damage, and punitive damage (among other damages), the jurisdictional minimum amount in controversy of $75,000 is met.

13. As the parties are completely diverse and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction under 28 U.S.C. Section 1332, and removal is proper under 28 U.S.C. Section 1441.

### D.   Compliance with Procedural Requirement

14. For the reasons set forth above, the instant case is one over which this Court has original jurisdiction. Under 28 U.S.C. Section 104(b)(1) and the Uniform District Court Rules for the Northern and Southern Districts of Mississippi, the Northern Division of the United States District Court for the Southern District of Mississippi is the division and district embracing the Second Judicial District of Hinds County, the place where the state court action was filed and is pending. *See* Compl. (Ex. "A").

15. Plaintiff served its Complaint and Summons on KCSR on October 13, 2022, *see* Service of Process Transmittal (Ex. "F"). However, the Plaintiff, which is a limited liability company, did not plead the identity or citizenship of its members. *See* Compl. (Ex. "A"). KCSR requested this information through written discovery. Plaintiff responded to KCSR's written discovery requests on January 12, 2023, which it supplemented on January 19, 2023, providing the names and home addresses of its members. *See* Supp. Int. Resp. No. 19 (Ex. "C"). This information establishes that the parties are completely diverse and that this case is removable. Therefore, pursuant to 28 U.S.C. Sections 1441 and 1446(b)(3), this Notice of Removal is timely filed within thirty days of receipt by KCSR of "other paper," *i.e.*, Plaintiff's written discovery responses, from which KCSR was able to ascertain that this case was removable.

16. Pursuant to 28 U.S.C. Section 1446(a) and Rule 5(b) of the Local Uniform Civil Rules for the United States District Courts for the Northern and Southern Districts of Mississippi, KCSR will electronically file a certified copy of the entire file of the Circuit Court of the Second Judicial District of Hinds County, Mississippi, with this Court within fourteen days.

17. KCSR will give written notice of the filing of this Notice of Removal to Plaintiff and a copy of this Notice will be duly filed with the Clerk of the Circuit Court of the Second Judicial District of Hinds County, Mississippi, as required by 28 U.S.C. Section 1446(d).

Kansas City Southern Railway Company requests this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of the Second Judicial District of Hinds County, Mississippi be stayed.

This, the 1st day of February 2023.

                              Respectfully submitted,

**THE KANSAS CITY SOUTHERN RAILWAY COMPANY**

BY:    */s/ D. Jason Childress*
        CHARLES E. ROSS (MSB #5683)
        D. JASON CHILDRESS (MSB #103678)

**OF COUNSEL:**

Charles E. Ross *(MSB #5683)*
D. Jason Childress *(MSB #103678)*
**WISE CARTER CHILD & CARAWAY, P.A.**
401 E. Capital Street, Suite 600 (39201)
Post Office Box 651
Jackson, Mississippi 39205
T: (601) 968-5500
F: (601) 968-5593
cer@wisecarter.com
djc@wisecarter.com
*Attorneys for The Kansas City Southern Railway Company*

## CERTIFICATE OF SERVICE

    I, D. Jason Childress, one of the attorneys for Defendant, The Kansas City Southern Railway Company, do hereby certify that I have filed and caused to be delivered via the Court's Electronic Filing System, a true and correct copy of the above document to:

> Thomas J. Bellinder, Esq. (MS Bar No. 103115)
> **BELLINDER LAW FIRM**
> 200 East Government Street
> Brandon, Mississippi 39042
> (P): 601.487.9340
> (F): 601.265.1797
> thomas@bellinderlawfirm.com

This, the 1st day of February 2023.

                              */s/ D. Jason Childress*
                              D. Jason Childress